QUEEN ANNE PARK HOLDING COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. CORNELIUS VAN SADERS AND MARTHA A. VAN SADERS, DEFENDANTS.

Decided December 8, 1933.

For the plaintiff, *Gross & Gross.*

For the defendant Cornelius Van Saders, *Felter & Smith.*

ACKERSON, S. C. C.  This action is upon a bond to recover a deficiency resulting from the foreclosure and sale of the lands covered by the accompanying mortgage which bond was made by the defendants to the plaintiff.

The defendants have filed an answer setting up several defenses, but by a signed stipulation counsel have agreed that the answers of each defendant including the separate defenses contained therein be stricken out and abandoned except the first separate defense in the answer of Cornelius Van Saders and the second separate defense in the answer of Martha A. Van Saders, which are to be ruled upon by the court upon this motion.

These defenses are the same in each answer, and each raises the question of the constitutionality of chapter 82 (*Pamph. L.* 1933—approved March 29th, 1933), amendatory of an act entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of the mortgaged premises thereunder."  This amendment provides that the obligor on a bond may, by his answer in an action at law on the bond for a deficiency, dispute the amount of the deficiency and raise an issue of the "fair market value of the mortgaged premises at the time of the sale under the foreclosure proceedings," whereupon the court which is try-

ing the action on the bond, sitting with or without a jury, shall assess the "fair market value" and determine the deficiency by deducting that value from the debt.

In view of the above stipulation, it must be taken as conceded that the bond in the case *sub judice* was executed on June 26th, 1926, and that on February 1st, 1933, the sheriff of the county of Bergen pursuant to a final decree of the Court of Chancery in the foreclosure proceedings sold the lands and premises covered by the mortgage accompanying the said bond for the sum of $100, which sale was duly confirmed, resulting in a deficiency of $8,286.04.

It will be noted that not only was the bond in question executed prior to the above mentioned amendment but that the foreclosure sale resulting in the deficiency was held prior thereto. The disposition of this motion is, therefore, controlled by the recent decision of our Court of Errors and Appeals in the case of *Vanderbilt* v. *Brunton Piano Co. et al.,* 111 *N. J. L.* 596, in which it was held that chapter 82 (*Pamph. L.* 1933), in so far as it affects a pre-existing contract, involves a right and not a mere procedure, and is such a restriction and limitation upon a mortgagee's right of recovery on a bond under chapter 157 (*Pamph. L.* 1880, as amended by *Pamph. L.* 1881, *ch.* 147), as to be an impairment of a pre-existing contract and therefore and to that extent in conflict with article 1, section 10, subdivision 1 of the constitution of the United States and with article 4, section 7, paragraph 3, of the constitution of the State of New Jersey. Furthermore it was held that the amendment in question, with respect to pre-existing contracts, cannot be sustained as an exercise by the legislature of the police power.

It follows, therefore, that the above mentioned defenses in the answers of the respective defendants must be stricken out as not constituting legal defense in this action, and an order may be presented in accordance with the conclusion thus reached.